ALAN W. SPARER (No. 104921)
MARC HABER (No. 192981)
JAMES S. NABWANGU (No. 236601)
SPARER LAW GROUP
100 Pine Street, 33rd Floor
San Francisco, California  94111-5128
Telephone:    415/217-7300
Facsimile:    415/217-7307
asparer@sparerlaw.com
mhaber@sparerlaw.com
jnabwangu@sparerlaw.com

Attorneys for Plaintiff
ROBERT RIVERA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT RIVERA, on Behalf of Himself and all Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OPPENHEIMER CALIFORNIA MUNICIPAL FUND, et al.,<br><br>　　　　　Defendants. | Case No. C 09-0567 SI<br><br>Action Filed:  February 6, 2009<br><br>STIPULATION AND [PROPOSED] ORDER TAKING LEAD PLAINTIFF MOTIONS HEARING OFF CALENDAR |
| FRANK TACKMANN, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OPPENHEIMERFUNDS, INC., et al.,<br><br>　　　　　Defendants. | Case No. C 09-1184 SI |

[Caption Continues On Following Page]

STIP. & PROP. ORDER TAKING LD. PLF. MTNS. HRG. OFF CALENDAR   NO. C 09-0567 SI

| | |
|---|---|
| STEPHEN LOWE, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>OPPENHEIMER CALIFORNIA MUNICIPAL FUND, et al.,<br><br>    Defendants. | Case No. C 09-1243 SI |
| KENNETH MILHEM, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>  v.<br><br>OPPENHEIMER CALIFORNIA MUNICIPAL FUND, et al.,<br><br>    Defendants. | Case No. C 09-1414 VRW |

STIP. & PROP. ORDER TAKING LD. PLF. MTNS. HRG. OFF CALENDAR  NO. C 09-0567 SI

# STIPULATED REQUEST TO TAKE LEAD PLAINTIFF MOTION HEARING OFF CALENDAR

The undersigned Parties request that the hearing on the pending motions to appoint lead plaintiff and approve lead counsel currently scheduled for June 26, 2009 be taken off calendar.

## STIPULATION

WHEREAS, on June 17, 2009, pursuant to 28 U.S.C. §1407, the Judicial Panel on Multidistrict Litigation ("JPML"), transferred the above-captioned actions to the District of Colorado and assigned the consolidated actions to the Honorable John L. Kane, Jr. for coordinated or consolidated pretrial proceedings. A copy of the JPML's order is attached as Exhibit A.

THEREFORE, the undersigned Parties hereby stipulate that the hearing on the pending motions to appoint lead plaintiff and approve lead counsel currently scheduled for June 26, 2009 should be taken off calendar.

Dated: June 25, 2009                SPARER LAW GROUP


                                    By:_____/s/_____
                                          ALAN W. SPARER

                                    Attorneys for Proposed Lead Plaintiff Rivera Investor Group


Concurrence in the filing of this document has been obtained by each of the other signatories.

Dated: June 25, 2009                GIRARD GIBBS LLP


                                    By:_____/s/_____
                                          AARON M. SHEANIN

                                    Attorneys for Proposed Lead Plaintiff Joseph Stockwell

-1-
STIP. & PROP. ORDER TAKING LD. PLF. MTNS. HRG. OFF CALENDAR    NO. C 09-0567 SI

| | |
|---|---|
| Dated: June 25, 2009 | BERMAN DEVALERIO |
| | By: _____/s/_____<br>NICOLE LAVALLEE |
| | Attorneys for Proposed Lead Plaintiff Linda L. Heil |
| Dated: June 25, 2009 | DECHERT LLP |
| | By: _____/s/_____<br>MATTHEW L. LARRABEE |
| | Attorneys for Defendants Oppenheimer California Municipal Fund, OppenheimerFunds, Inc., Oppenheimer Funds Distributor, Inc., Brian F. Wruble, John V. Murphy, Brian W. Wixted, Ronald H. Fielding, Daniel G. Loughran, Scott C. Cottier and Troy E. Willis |
| Dated: June 25, 2009 | KRAMER LEVIN NAFTALIS & FRANKEL LLP |
| | By: _____/s/_____<br>ARTHUR H. AUFSES |
| | Attorneys for Defendants Brian F. Wruble, David K. Downs, Matthew P. Fink, ,Phillip A. Griffiths, Mary F. Miller, Joel W. Motley, Russell S. Reynolds, Jr., Peter I. Wold and Robert G. Galli |

PROPOSED ORDER

The hearing on Plaintiffs' motions to appoint lead plaintiff and approve lead counsel currently scheduled for June 26, 2009 is taken off calendar.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: _____, 2009

_____
HON. SUSAN ILLSTON
UNITED STATES DISTRICT COURT JUDGE

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

Jun 17, 2009

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: OPPENHEIMER ROCHESTER FUNDS
GROUP SECURITIES LITIGATION

MDL No. 2063

## TRANSFER ORDER

**Before the entire Panel**: Certain Oppenheimer[1] defendants have moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Southern District of New York or, alternatively, the Eastern District of New York. Remaining individual defendants join in this motion. Plaintiffs in two actions pending in the District of Colorado suggest centralization in the District of Colorado of actions involving two of the three Oppenheimer municipal bond funds[2] involved in this litigation; they take no position on whether four Northern District of California actions involving Oppenheimer California Municipal Fund should be included in Section 1407 proceedings. Plaintiffs in six other actions variously support centralization of all actions in the Northern District of California, the District of Colorado or the Eastern District of New York. Plaintiffs in two Northern District of California actions and the Western District of Pennsylvania action oppose centralization of actions involving different Oppenheimer municipal bond funds in one multidistrict proceeding. If the Panel deems centralization of all actions appropriate, opponents variously support centralization in the Northern District of California, the District of Colorado or the Western District of Pennsylvania.

This litigation presently consists of thirteen actions listed on Schedule A and pending in five districts as follows: four actions each in the Northern District of California and the Eastern District of New York, three actions in the District of Colorado and one action each in the Southern District of New York and the Western District of Pennsylvania.[3]

---

[1] OppenheimerFunds, Inc.; OppenheimerFunds Distributor, Inc.; Oppenheimer California Municipal Fund; Rochester Fund Municipals; Oppenheimer Rochester National Municipals; and eight individual officers or trustees (collectively Oppenheimer).

[2] Rochester Fund Municipals and Oppenheimer Rochester National Municipals.

[3] While not included in the initial Section 1407 motion, the Western District of Pennsylvania action is included in our decision, because all parties to this action have stated their position on the matter before us in writing and at oral argument.

The Panel has been notified that nine related actions have recently been filed. These actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Colorado will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to (1) the operation of municipal bond markets and their liquidity, (2) the impact of market conditions on the types of assets held in the funds, (3) the risks inherent in certain types of holdings, including tobacco bonds and inverse floaters, (4) whether these types of investments were properly disclosed prior to October 2008, and/or (5) whether the concentration of these and other allegedly risky investments was contrary to the fundamental investment objectives and representations of the Oppenheimer municipal bond funds. Although four different municipal bond funds are involved in these thirteen actions, the investment strategies and public disclosures are similar and all funds are overseen by a common investment manager and distributor/underwriter. Thus, regardless of which municipal bond fund is involved in each action, all actions can be expected to focus on a number of common defendants and/or witnesses. *See In re Lehman Brothers Holdings, Inc., Securities & Employee Retirement Income Security Act (ERISA) Litigation*, 598 F.Supp.2d 1362 (J.P.M.L. 2009). Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, including on the issue of class certification; and conserve the resources of the parties, their counsel and the judiciary.

Opposing plaintiffs express reservations concerning the management of actions involving different Oppenheimer municipal bond funds in one MDL proceeding. Transfer to a single district under Section 1407, however, has the salutary effect of placing all related actions before one court which can formulate a pretrial program that: (1) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues, *In re Multi-Piece Rim Products Liability Litigation*, 464 F.Supp. 969, 974 (J.P.M.L. 1979); and (2) ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The MDL No. 2063 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. *See In re The Bear Stearns Companies Inc. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, 572 F.Supp.2d 1377 (J.P.M.L. 2008); *In re Mutual Funds Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004); *In re Equity Funding Corp. of America Securities Litigation*, 375 F.Supp. 1378 (J.P.M.L. 1974).

We are persuaded that the District of Colorado is an appropriate transferee district for this litigation, because (1) three of the thirteen actions are already pending there along with three potential tag-along actions, and (2) parties, witnesses and documents will likely be found in or near Denver, Colorado.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Colorado are transferred to the District of Colorado and, with the consent of that court, assigned to the Honorable John L. Kane, Jr., for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

- 3 -

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

J. Frederick Motz          Robert L. Miller, Jr.
Kathryn H. Vratil          David R. Hansen
W. Royal Furgeson, Jr.     Frank C. Damrell, Jr.

IN RE: OPPENHEIMER ROCHESTER FUNDS
GROUP SECURITIES LITIGATION                               MDL No. 2063

## SCHEDULE A

Northern District of California

Robert Rivera v. Oppenheimer California Municipal Fund, et al., C.A. No. 3:09-567
Frank Tackmann v. OppenheimerFunds, Inc., et al., C.A. No. 3:09-1184
Stephen Lowe v. Oppenheimer California Municipal Fund, et al., C.A. No. 3:09-1243
Kenneth Milhem v. Oppenheimer California Municipal Fund, et al., C.A. No. 3:09-1414

District of Colorado

Brendan L. Bock v. Oppenheimer Rochester National Municipals Fund, et al., C.A. No. 1:09-550
Bernadette Begley v. Rochester Fund Municipals, et al., C.A. No. 1:09-703
Ellen Stokar v. Oppenheimer Rochester National Municipals Fund, et al., C.A. No. 1:09-706

Eastern District of New York

Lisl Bernstein, et al. v. Rochester Fund Municipals, et al., C.A. No. 1:09-807
Bert Vladimir v. Rochester Fund Municipals, et al., C.A. No. 1:09-866
Maureen E. Mershon v. Rochester Fund Municipals, et al., C.A. No. 1:09-1296
Robert Weiner v. Rochester Fund Municipals, et al., C.A. No. 1:09-1305

Southern District of New York

Bill Laufer, et al. v. Rochester National Municipals Fund, et al., C.A. No. 1:09-2433

Western District of Pennsylvania

John R. Woods v. Oppenheimer Pennsylvania Municipal Fund, et al., C.A. No. 2:09-514